JACKSON et al. v. KLINGER et al.

(Supreme Court, Appellate Term. December 26, 1900.)

1. CONVERSION—AGENCY.
    One purchasing articles as agent for others, and having no property in
    or control over them, cannot be held as for a conversion thereof, by one
    having a better right therein than the seller.
2. SAME—FIXTURES—RIGHT OF PROPERTY.
    Where fixtures were placed in demised property by a previous tenant,
    who left without undertaking to remove them, and they remained in and
    formed a part of the premises when let by the owners to subsequent ten-
    ants, the owners had such right of property therein as would support an
    action against third persons for their conversion.
3. APPEAL—FAILURE TO OBJECT IN TRIAL COURT.
    Where but one of two defendants appealed from a judgment against
    them, and on reversal plaintiff did not object to the other defendant par-
    ticipating in the new trial, he must be deemed to have acquiesced in the
    construction put by such defendant on the order of reversal,—that it re-
    versed the judgment as against both,—and he cannot on the second appeal
    contend that the first judgment against such defendant should stand, be-
    cause he did not appeal therefrom.

Appeal from municipal court, borough of Manhattan.
Action by Harry H. Jackson and others against Henry Klinger and
others. From a judgment for defendants, plaintiffs appeal. Re-
versed as to defendant Klinger.
Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

Joseph A. Kent, for appellant.
David K. Case, for respondent.

PER CURIAM. There was evidence tending to show that the
defendant Chapman was the mere agent for others in making the

purchase, and that he had no property in or control over the articles in question. Upon this view of the evidence, which we must assume was taken by the trial justice, there was no conversion established against such defendant, and as to him the dismissal of the complaint was right. So far as the defendant Klinger is concerned, we think there is clear evidence of a demand sufficient to sustain a judgment for conversion, assuming that the plaintiffs had established a right of property in the articles in question. This, we think, was done. Said articles were in the house when it was let by the plaintiffs to Mary Braendly, and formed a part of the premises demised. It is claimed that said fixtures were put in by a previous tenant, and an attempt was made to show a transmission of title from him to others, but the evidence on that point is very vague and unsatisfactory. What does appear is that the former tenants left the property and never undertook to remove said fixtures, which thus apparently became the property of the landlord. The demand upon the defendant Klinger was abundantly proven.

The point made that the judgment against the defendant Klinger recovered on the first trial of this cause was not reversed, and must therefore stand, because he did not appeal therefrom, is untenable. The plaintiffs should have made it below, and should have objected to any participation by said defendant in the new trial. This they did not do, and they must be deemed to have acquiesced in the construction put by the defendant upon the order of reversal,—that it operated upon the judgment with respect to both. It follows that the judgment should be affirmed as to the defendant Chapman, with costs, and as to the defendant Klinger reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment affirmed, with costs, as to the defendant Frank Chapman, and as to the defendant Henry Klinger reversed, and a new trial ordered, with costs to the appellant to abide the event.